IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
CASE NO.:

SAILAJA DACHA

Plaintiff,

v.

USHARANI DACHA AND
HARINATHRAO R. DACHA

Defendant.
_______________________________________/

**COMPLAINT**

COMES NOW, Plaintiff, SAILAJA DACHA ("Plaintiff"), by and through her undersigned attorney, files this Complaint against Defendants, USHARANI DACHA and HARINATHRAO R. DACHA ("Defendants"), for damages with a value more than $75,000, and alleges as follows:

1. Plaintiff, SAILAJA DACHA is a citizen of the State of Maryland and is otherwise sui juris.

2. Defendant USHARANI DACHA is citizen of the State of Florida and is otherwise sui juris.

3. Defendant HARINATHRAO R. DACHA is citizen of the State of Florida and is otherwise sui juris.

4. This is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the Plaintiff and Defendants are citizens of different states, and the amount in controversy is greater than $75,000.

5. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(1) because both Defendants reside in Orange County, Florida.

**GENERAL ALLEGATIONS**

6. Plaintiff married to Raghuram H. Dacha in November 2011 in India. USHARANI DACHA and HARINATHRAO R. DACHA became Plaintiff's mother-in-law and father-in-law as a result.

7. Plaintiff and Raghuram H. Dacha moved to the State of Maryland in 2016.

8. Raghuram executed a last will and testament.

9. Raghuram passed away in March 2018.

10. Plaintiff inherited approximately $2,000,000 from Raghuram H. Dacha. The Plaintiff also was the beneficiary of a life insurance policy in the amount of approximately $160,000.00. The Plaintiff deposited $100,000 of the life insurance proceeds into an account at Charles Schwab.

11. In the Indian culture, arranged marriages are common. In 2020, the search was on for Plaintiff's new husband.

12. In or around July 2020, after the Plaintiff received the funds from her husband's passing, USHARANI DACHA and HARINATHRAO R. DACHA sat down with the Plaintiff for the purpose of providing her financial and family advice. Given their extremely close relationship with the Plaintiff, HARINATHRAO R. DACHA took it upon himself to advise the Plaintiff as follows:

> "we do not know what kind of husband you will get, in case if you guys divorced, money will be 50-50. So, to protect the money, we will give you 2 options. The First option is writing prenup agreement – the Second option is transferring the money back to us. Once we make sure that you get good husband and settle happily with the kids, after 5 years of your marriage, we will transfer the money back to you."

13. The Plaintiff replied, "I do not want to start new life with the agreement, I choose the second option."

14. Because the Plaintiff trusted and loved her in-laws, based upon the Defendants' promise to transfer her funds back to her after five years of marriage, the Plaintiff transferred her funds and investments assets in the amount of $1,959,000 that she received following her late husband's death, including assets and life insurance proceeds, to the Defendants. Plaintiff never intended the transfer of her funds as a gift to the Defendants.

15. In July 2020, Plaintiff transferred approximately $1,959,000 through two separate transactions in reliance on Harinathrao Dacha's promise that Plaintiff's funds would be protected and returned to her five years after she remarried.

16. On July 3, 2020, Plaintiff transferred her $1.46 million in funds from Shah Capital to Harinathrao Dacha.

17. On July 7, 2020, Plaintiff transferred an additional $499,000 in funds that she owned and inherited from her account at Charles Schwab to the joint account of Harinathrao Dacha and Usharani Dacha, including the $100,000 traceable to Raghu's life-insurance proceeds.

18. The Plaintiff remarried on June 21, 2021.

19. On June 21, 2026, five years after the Plaintiff remarried, the Plaintiff contacted Defendants about the money she transferred to them based upon their express promise to hold it in trust for her and return to her. The Plaintiff asked them to kindly transfer her money back to her in accordance with their promise. The Defendants ignored the Plaintiff's messages and request.

20. To date, the Defendants have failed to honor their promise to transfer the Plaintiff's funds back to her.

**COUNT I - BREACH OF FIDUCIARY DUTY**

21. The Plaintiff repeats paragraphs 1-20 as if fully set forth herein.

22. The Defendants sat down with the Plaintiff after she inherited money from her late husband concerning her funds. Plaintiff depended on the Defendants to advise, counsel, and protect her. The Plaintiff was fragile and weak after her husband passed away, and uneducated about finances or divorce.

23. The Plaintiff reposed trust and confidence in the Defendants.

24. The Plaintiff depended on the Defendants for financial advice, and the Defendants undertook the responsibility to advise, counsel, and protect the Plaintiff.

25. The Defendants offered the Plaintiff advice concerning her funds and the money she inherited from her late husband. The Defendants agreed to hold and take care of the Plaintiff's $1,959,000 in funds for a period of 5 years after she remarried so to protect it.

26. Based upon the Defendants' advice and counsel, and promise to return the money to her, the Plaintiff was induced to transfer her $1,959,000 to the Defendants.

27. When the Defendants received the Plaintiff's $1,959,000 in funds, they owed the Plaintiff a fiduciary duty to take care of it.

28. The Defendants breached their fiduciary duty to the Plaintiff when they failed to transfer her funds in the sum of $1,959,000 back to her that they promised.

29. In fact, HARINATHRAO R. DACHA informed the Plaintiff that he and his wife spent the money instead of protecting it.

30. The Plaintiff was damaged as a result of the Defendants' breach of fiduciary duty.

WHEREFORE, Plaintiff, SAILAJA DACHA, demands judgment against Defendants, USHARANI DACHA and HARINATHRAO R. DACHA, for specific

performance to compel the Defendants to return the Plaintiff's funds plus interest, or in the alternative, actual damages in the amount of $1,959,000, punitive damages, together with pre-judgment and post-judgment interest, costs, and such other and further relief as this Court deems just and proper.

**COUNT II – PROMISSORY ESTOPPEL**

31. The Plaintiff repeats paragraphs 1-20 as if fully set forth herein.

32. The Defendants made a promise to the Plaintiff to transfer her $1,959,000 in funds back to her after 5 years of marriage.

33. The Plaintiff detrimentally relied on the Defendants' promise.

34. The Defendants should have reasonably expected the promise to induce action or forbearance of a definite and substantial character, especially since they were the Plaintiff's in laws.

35. Injustice can be avoided only by enforcement of the promise.

WHEREFORE, Plaintiff, SAILAJA DACHA, demands judgment against Defendants, USHARANI DACHA and HARINATHRAO R. DACHA, for specific performance to enforce the promise for the Defendants to return the Plaintiff's funds plus interest, or in the alternative, actual damages in the amount of $1,959,000, together with pre-judgment and post-judgment interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT III – UNJUST ENRICHMENT

36. The Plaintiff repeats paragraphs 1-20 as if fully set forth herein.

37. The Plaintiff conferred a benefit upon the Defendants when she transferred approximately her $1,959,000 to them. The Plaintiff never intended the transfer of funds as a gift. Rather the Plaintiff reposed trust and confidence in her in-laws to protect her money. The Defendants were acutely aware of the benefit.

38. The Defendants voluntarily accepted and retained the benefit conferred.

39. Because the Plaintiff received no value for the transfer of her funds to the Defendants, the circumstances are such that it would be inequitable for the Defendants to retain the benefit without paying the value thereof to the Plaintiff.

WHEREFORE, Plaintiff, SAILAJA DACHA, demands judgment against Defendants, USHARANI DACHA and HARINATHRAO R. DACHA, for general and actual damages in the amount of $1,959,000, together with pre-judgment and post-judgment interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT IV – CONVERSION

40. The Plaintiff repeats paragraphs 1-20 as if fully set forth herein.

41. The Plaintiff was the rightful owner of $1,959,000 after her late husband's unfortunate death. As the owner, the Plaintiff had the immediate right of possession of these funds.

42. The Plaintiff transferred her $1,959,000 in funds to the Defendants based upon their explicit promise to return it to the Plaintiff five years after she remarried.

43. The Plaintiff remarried on June 21, 2021.

44. On June 21, 2026, five years after the Plaintiff remarried, the Plaintiff contacted Defendants about the $1,959,000 in funds that she owned and transferred to them. The Plaintiff asked them to kindly transfer the funds back to her in accordance with their explicit promise. The Defendants ignored the Plaintiff's messages and request.

45. To date, the Defendants have failed to honor their promise to transfer the Plaintiff's funds in the amount of $1,959,000 funds back to the Plaintiff. Instead, the Defendants have wrongfully exercised dominion and control over the Plaintiff's property and funds the sum of $1,959,000.

46. The Defendants' wrongful assertion of dominion was inconsistent with, or in derogation of, the Plaintiff's ownership or possessory rights.

47. The Defendants' acts wrongfully deprived the Plaintiff of her property permanently. In fact, the Defendants informed the Plaintiff that they spent the Plaintiff's money.

WHEREFORE, Plaintiff, SAILAJA DACHA, demands judgment against Defendants, USHARANI DACHA and HARINATHRAO R. DACHA, for general

and actual damages in the amount of $1,959,000, punitive damages, together with pre-judgment and post-judgment interest, costs, and such other and further relief as this Court deems just and proper.

Dated: August 26, 2026

Respectfully submitted,

**SOLNICK LAW P.A.**
3363 NE 163rd Street, Suite 801
North Miami Beach, Florida 33160
Tel: 786-629-6530
Email: pete@solnicklaw.com

By: /s/ *Peter J. Solnick*
Peter J. Solnick, Esq.
Fla. Bar. 670006
*Attorney for Plaintiff*